## Gorkiewicz's Estate

Before Van Dusen, P. J., Stearne, Sinkler, Klein, Bolger, and Ladner, JJ.

*Townsend Munson* of *Townsend, Elliott & Munson*, for petitioner.

*Ira Jewell Williams, Jr.*, of *Brown & Williams*, for respondent.

SINKLER, J., November 21, 1941.—A petition has been filed which, in substance, alleges that money was delivered to respondent, to be held in trust, and that he has since violated the terms of that trust. Petitioner prays that a citation to file an account issue against respondent.

While this court has no jurisdiction over trusts which arise by operation of law (Shaffer's Estate, 21 D. & C. 90 (1934) ), it has jurisdiction over express trusts even though there be no formal trust deed, and the terms of the trust must be proven by parol evidence: Tober's Estate, 82 Pitts. 91 (1934). The theory of petitioner is that there was an express trust created by the settlor. To prove the existence of this trust, petitioner has attached to the petition part of a letter written by respondent, which petitioner contends manifests or acknowledges the existence of the trust.

To the petition preliminary objections have been filed, which, in substance, aver that the petition is too vague

to be answered. In respondent's statement of the questions involved it is questioned whether the terms and conditions of the "understanding" creating the trust should not be explicitly stated. This is answered affirmatively. Petitioner should set forth with all the particularity with which he would declare upon a contract the terms of the trust and the property to which it related.

Respondent further contends that petitioner should allege whether the "understanding" was oral or written, and, if the latter, attach copies thereof to the petition. This would be necessary were this an action of assumpsit brought in the courts of common pleas under the Practice Act of May 14, 1915, P. L. 483. While that statute is inapplicable to the proceedings before this court, it is, nevertheless, a salutary requirement that petitioner state whether the understanding or trust agreement was oral or written and, if the latter, attach copies of the writings thereof to the petition; and the practice of the law courts will be followed in this respect. Respondent is then in a better position to answer the petition, and the issue is more clearly presented to the court.

Respondent finally contends that a complete copy of any alleged "acknowledgment" of an obligation to hold as trustee should be furnished. More specifically, respondent claims that petitioner should attach a complete copy of the letter, a part of which is an exhibit, to his petition. Respondent contends that a reading of the entire letter might have a bearing on the portion attached as an exhibit. This is possible, and it is, therefore, held that petitioner should attach a copy of the entire letter as an exhibit, or else aver in the petition, the petition being under oath, that the portion omitted is omitted because petitioner has a privilege to refrain from presenting such portion.

The preliminary objections of respondent are sustained, and petitioner is granted 15 days in which to

file an amended petition in conformity with the foregoing decision. Petitioner is particularly directed to make more specific the averments of the second, third, and fourth paragraphs of the petition that respondent, as "agent", would invest the said sum and remit the income from the same to his father. If the relationship established were solely one of principal and agent, this court would have no jurisdiction over respondent: Jenkins' Estate, 20 D. & C. 671 (1934). We deem it preferable, however, to hold in abeyance the question of jurisdiction until a more specific petition is filed.